UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KRATZER FARMS INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-213-HAB |
| | ) |
| INDIANA GRAIN BUYERS AND | ) |
| WAREHOUSE LICENSING AGENCY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs are a group of farms and farmers who claim they suffered damages when a grain elevator, regulated by Defendant, went under. They have filed a multi-count amended complaint, alleging causes of action under federal and state law. Defendant, via the Indiana Attorney General's Office, now moves to dismiss the amended complaint. The motion is fully briefed (ECF Nos. 13, 16, 17) and is ripe for ruling.

**I.      Plaintiffs' Allegations**

Defendant is the regulatory agency tasked with administering the Indiana Grain Indemnity Program ("Program"), codified at Title 26 of the Indiana Code. The Program has two parts. The first is licensure of companies that buy or store grain in Indiana. The licensing requirements include strict financial requirements, including positive net worth and certain asset-to-liability ratios. Licensees must show compliance with the financial requirements every year to obtain annual license renewals.

The second part is the Indiana Grain Indemnity Fund ("Fund"). The fund is overseen by the Indiana Grain Indemnity Corporation ("Corporation"), and Defendant's director regularly reports to the Corporation on licensed grain buyers in financial trouble.

The licensee here was Salamonie Mills, Inc. ("SMI"), a grain elevator in Wells and Huntington Counties. SMI's financial condition did not meet the Program's financial licensing requirements from 2012 through 2020, and they reported as much to Defendant. Still, Defendant licensed SMI each of those years.

By early 2020, SMI faced foreclosure. With that foreclosure imminent, Defendant suspended SMI's license in March 2020. Defendant determined that SMI's "failure date," a date used to determine what farmers' grain deposits would be eligible for reimbursement by the Fund, as March 20, 2020. This meant that only farmers who delivered grain within two years of that date were eligible for reimbursement from the Fund.

Plaintiffs appealed the selected "failure date" via the Indiana administrative process. It was through discovery in that appeal that Plaintiffs learned of SMI's long-term financial problems and Defendant's continued licensure in violation of the terms of the Program. Plaintiffs assert that the selection of the "failure date" was arbitrary. They claim the failure date should have been months, if not years, earlier based on SMI's submissions to Defendant.

Based on these facts, Plaintiffs have alleged seven counts: negligence; violation of the Indiana Equal Privileges and Immunities Clause; violation of the Federal Equal Protection Clause; violations of state and federal procedural and substantive due process; taking without just compensation; violation of separation of powers; and fraud. Plaintiffs seek compensatory and consequential damages, attorneys' fees and costs, "declaratory judgment," and all other just and proper relief.

**II.      Legal Analysis**

**A.      *Motion to Dismiss Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the claim in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the claim must give fair notice of what the claim is and the grounds on which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a claim need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the claim to contain enough facts to state a claim to relief plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what

3

the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

**B.     *Claims under 42 U.S.C. § 1983***

Defendant's first argument is that any claims under 42 U.S.C. § 1983 must be dismissed because it is not a "person" subject to suit under the statute. *See Thiele v. Bd. of Trs. of Ill. State Univ.*, 35 F.4th 1064, 1066 (7th Cir. 2022). Plaintiffs effectively concede the point, stating that they will seek to amend their complaint to add Defendant's director, Harry Wilmoth, as a defendant. All § 1983 claims, then, must be dismissed.

**C.     *Claims for Damages under the Indiana Constitution***

Defendant next claims that Plaintiffs' requests for damages for violating the Indiana constitution must be dismissed because no private right of action exists. Indiana jurisprudence is less clear on this issue than Defendant would suggest, but the Court will, like its sister courts, decline to recognize an implied cause of action under the Indiana constitution. "Recognizing an implied right to sue for damages under the Indiana Constitution would work a dramatic change in Indiana law. If such a step is to be taken, it will need to be taken by the Indiana courts, not by a federal court whose duty is to apply existing Indiana law." *Caldwell v. Malave*, No. 1:19-cv-116, 2020 WL 887742, at *4 (N.D. Ind. Feb. 21, 2020) (cleaned up). All claims for damages under the Indiana constitution will be dismissed.

**D.     *Law Enforcement Immunity***

Few areas of Indiana law are as confusing as immunity under Ind. Code § 34-13-3-3(a)(8)(A). This section provides governmental entities and employees immunity for claims arising out of the adoption and enforcement of or failure to adopt or enforce a law, including rules and regulations. Part of the reason for the confusion is that the Indiana Supreme Court has

repeatedly changed the test for applying the immunity. *See Benton v. City of Oakland City*, 721 N.E.2d 224, 226-31 (Ind. 1999). This has led to a hodgepodge of case law, some still good, some not, all interpreting the same provision.

This motion bears out this confusion, as both parties make definitive statements about the applicability of law enforcement immunity here. But the Court finds it unnecessary to wade into the issue at this point. The Court agrees with Plaintiffs that Defendant has failed to present a cogent argument in support of law enforcement immunity.

As the Indiana Tort Claims Act ("ITCA"), the statute containing law enforcement immunity, is in derogation of the common law, courts construe it narrowly against the grant of immunity. *Mullin v. Mun. City of S. Bend*, 639 N.E.2d 278, 281 (Ind. 1994). The party seeking immunity has the burden of establishing that its conduct comes within the provisions of the ITCA. *Id*. Whether a particular governmental act is immune is a question of law for the Court to decide, although the question may require extensive factual development. *Barnes v. Antich*, 700 N.E.2d 262, 265 (Ind. Ct. App. 1998).

The problem for Defendant is that it fails to identify a single law, rule, or regulation that it was enforcing or failing to enforce. Defendant points to several acts alleged in the amended complaint that it claims support immunity, but it fails to tie those acts to specific statutory provisions, administrative code sections, or agency rules. The Court agrees with Plaintiffs that it need not scour Indiana statutes and regulations for provisions that support Defendant's argument.

Nor is the Court swayed by Defendant's argument in its reply brief that it did not need to identify specific regulatory or code sections because "Plaintiffs provided the Court with the relevant statutory provisions by pleading them as facts in the Amended Complaint." (ECF No. 17 at 5, n.4). That may be true, but that does not relieve Defendant of the burden of establishing its

entitlement to immunity. The Court need not figure out how Defendant's law applies to Plaintiffs' facts; that's Defendant's burden of persuasion. Defendant may believe that it submitted a "succinct" argument rather than an underdeveloped one (*id*.), but the Court disagrees. The Court will not dismiss Plaintiffs' amended complaint on immunity grounds.

**E.    *State Law Takings Claim***

In response to Defendant's assertion that there is no private cause of action under the Indiana constitution, Plaintiffs assert that they have a claim under Indiana's inverse condemnation statute, Ind. Code § 32-24-1-1, *et seq.* Defendant counters by arguing that Plaintiffs have not invoked the statutory procedures for inverse condemnation. The Court agrees with Defendant.

Simply put, this is not an inverse condemnation case. "Inverse condemnation is a process provided by statute that allows individuals to be compensated for the loss of property interests taken for public purposes without use of the eminent domain process." *Ctr. Townhouse Corp. v. City of Mishawaka*, 882 N.E.2d 762, 770 (Ind. Ct. App. 2008). There is no allegation that Defendant has Plaintiffs' grain, or that it has appropriated the grain for a public purpose. Moreover, various sections of the inverse condemnation law make plain that the procedures apply to land, not personal property. *See* Ind. Code § 32-24-1-2 (defining "owner" as the individual "responsible for the payment of real estate taxes"); § 32-24-1-5.5 (referring to an offer to acquire "a parcel of real estate"); § 32-24-1-5.8 (same); § 32-24-1-5.9 (same); § 32-24-1-9 (requiring appraisers to determine and report the fair market value of "each parcel of property" sought to be acquired); § 32-24-1-16 (titled "prior appropriation of land"). Plaintiffs do not allege that any real property was taken.

Because Plaintiffs' property (i.e., grain) was not subject to inverse condemnation, their takings claim is not viable under state inverse condemnation law. That claim will be dismissed.

**III.    Conclusion**

For these reasons, Defendant's Motion to Dismiss Amended Complaint (ECF No. 12) is GRANTED in part and DENIED in part as set forth above. Plaintiffs' claims under 42 U.S.C. § 1983 are DISMISSED without prejudice with leave to replead. Plaintiffs' claims for monetary damages for violating the Indiana constitution and for inverse condemnation are DISMISSED with prejudice. The motion is denied in all other respects. Any amended complaint must be filed no more than 14 days from the date of entry of this Opinion and Order.

SO ORDERED on November 1, 2022.

                                          s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT